UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RALPH E. UMPHREY, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-186 |
| | ) | *Collier/Carter* |
| DR. LEONARD BROWN, | ) | |
| ERLANGER CENTER, | ) | |
| SKYRIDGE HOSPITAL, | ) | |
| FEMA, and FT. SANDERS HOSPITAL | ) | |

REPORT AND RECOMMENDATION

Plaintiff Ralph E. Umphrey, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). Because I conclude the claim is frivolous, I RECOMMEND this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true.

1

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his three page complaint, Plaintiff seeks to bring tort claims alleging he was "Robotisised [sic] in October 2006-2008 in Skyridge Hospital. He alleges Dr. Leonard Brown put cyborg devices behind his eye from sinus surgery. He further alleges Erlanger and Parkridge put chips and devices in him. Finally he alleges with no supporting facts that FEMA was trying to kill him from 2010 to December 2012. In his short and plain statement of his claim he relates that he was: "robotosised [sic] by these Hospitals or Hospital without permission chips, devices, tellecommuncations [sjc] device Cyborg Device put in me by Dr. Leonard Brown at Ft. Sanders 1998 or 1999 supposed to work as a Cyborg Agent for Fed. Government never gave permission to be Robotocised have devices chips or anything put in my body."

There is no allegation of diversity of citizenship as to any of the defendants and there is no diversity apparent. The Court would lack jurisdiction but for the allegation against FEMA. However, as stated above there are no facts presented to give any indication how the claim against FEMA is in any way related to the other claims, indeed there are no facts to support the claim against FEMA.

I conclude, after a review of the complaint, that it is frivolous and should be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(1). Accordingly, for the reasons stated herein, I

2

RECOMMEND[1] Plaintiff's action be DISMISSED with prejudice and his motion to proceed *in forma pauperis* be DENIED as moot.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).